### COX vs. WILLIAMS.

APPEAL from the court of the 6th district, the judge of the 5th district presiding.

Sureties of a curator are not responsible for debts of the estate which the curator could not enforce payment of.

MATHEWS, J. delivered the following opinion. This suit is brought by the endorser of a negotiable note for the sum of 1950 dollars, which was made payable to Isaac Baldwin. The defendant in his answer pleaded want of consideration or rather failure of the consideration, in consequence of which he made the promise to the payer of the note; and that it is subject to all objections in the hands of the plaintiff, to which it would have been liable in those of the original holder and payee.

The court below gave judgment in favor of the defendant, from which the plaintiff appealed.

This case was formerly before the appellate court; and was remanded on a bill of exceptions taken to the introduction of Baldwin as a witness, to prove that Cox, the present plaintiff, altho' he appears in the shape of an endorser, was the real payee of the note in question, which was obtained through the agency of the witness. This fact is now fully established by the testimony of Baldwin, and the case must be examined as if pending between the original parties to the instrument.

In proceeding thus to investigate it, a concise history of the transactions which led to the execution of the note becomes necessary.

The appellant had a claim agaiant one L. H. Gardner, which he placed in the hands of Baldwin, as attorney, to collect. This claim was in the hands of the agent at the time of the death of Gardner. The estate of the latter was sold at probate sale, and the widow of the intestate became the purchaser of a family of negroes, which made a part of the succession, for the price of 2450 dollars, and to secure payment, the present defendant bound himself as her surety. Afterwards he was dissatisfied with the conduct of Mrs. Gardner, in relation to the management of her pecuniary concerns,

and took the negroes which she had bought under a sale from the court of probates at the same price she was to have given for them, and gave his own note to Cox, the creditor of L. H. Gardner's estate, for that amount. On the receipt of this note, Baldwin, the agent of Cox, credited the estate of Gardner with the amount thereof, in an account which he filed in the office of the parish judge of Rapides. Subsequent to these proceedings, Jackson & Reynolds inforced a judicial mortgage which they had on the property of L. H. Gardner to the amount of 1300 dollars, and subjected the negroes in the possession of Williams to its payment. The record of a suit heretofore decided by this court, is made evidence in the present action. In the former case, Baldwin sued for the use of Cox on a note similarly situated with that now under consideration. The answers of the nominal plaintiff in that suit, proved a discharge given to the estate of Gardner, Cox's original debtor. His testimony in the present case proves the same fact, but it is here accompanied by a statement of an account between the witness, as agent for the appellant, and the succession of Gardner, wherein the latter is credited (amongst other

Western Dis.
Ovtaber 1828.

Cox
vs.
WILLIAMS.

matters) with the amount of the notes given by the appellee and made payable to the agent of Cox, the original creditor. This additional evidence, (which the witness now says is the only acquittance he ever gave in favor of Gardner's estate); it is contended on the part of the appellee, disproves his answers to the interrogatories in the former suit; upon the evidence of which this court then held that the acceptance of Williams' notes and discharge of the original debtor operated a novation.

We are however of opinion, that the introduction of this document, has no tendency to distinguish the present from the former case. It was made out before witnesses and deposited in the office of the judge of probates, as evidence of payment, or a release of the obligation, to the succession of the deceased, in consideration of having accepted a new debtor in pursuance of the true spirit and meaning of our laws on the subject of delegation. In the case of *Barron* vs. *How*, reported in *vol. 2, p. 144*, this court held that an acknowledgment of a receipt of the promissory notes, of the person delegated, as payment, produced novation. This was nothing more

than a credit given by the creditor to the original debtor in discharge of his obligation, in nature of a payment by delegation. A receipt is evidence of payment, but payment may be established by other evidence; and whenever such evidence shows that any thing has been accepted as payment, the debt is extinguished, whether it be by a transfer of obligations on other persons, a payment in money, or a *dation en paiement.*—Proof which shows that credit has been given on account with the original debtor in consideration of a delegation made by him to his creditor, is evidence that the latter accepted the debt thus delegated in payment; and on failure of the person delegated to pay, he would not be permitted to annul the credit thereby given to his original debtor, and pursue the latter on his original obligation. A debt once extinguished by novation cannot be again revived, unless by the consent of both parties to the original contract. From this view of the case it may be easily perceived, that we are of opinion that the production of the document in question does not weaken the evidence procured from Baldwin on interrogatories in the former case, nor does it in any manner invali-

Cox
*vs.*
WILLIAMS.

date his testimony in the present; wherein he explicitly declares that his intention was to discharge the estate of Gardner from all liability to Cox, his constituent, and to receive the appellee as substituted in the place of that estate.

MARTIN, J. I assent to the opinion just pronounced; but as there is a difference of opinion amongst the members of the court, in regard to a part of it, the law requires I should express mine.

I think that there cannot be better evidence of the partial or entire payment of a debt, than the express acknowledgment of the creditor, evidenced by his giving credit to his debtor.

If a planter send to his commission merchant a quantity of cotton to sell and a draft to receive, in order to discharge what he owes him for supplies to his farm, the merchant does not credit him with the proceeds of the cotton or draft, till they be actually received, or he means to take the cotton or draft on his own account. I think this is the universal practice. Till the cotton be sold and the amount received or the draft paid, the planter is not a creditor of the merchant, and nothing makes him so but the money coming to

the hands of the latter, by the sale of the cot-
ton or the payment of the draft, and there can-
not be a better evidence of this circumstance
than credit given on the books of the merchant
in the account of the planter.

In the case of *Levy* vs. *the bank U. States,*
1 *Dallas*, 234, the supreme court of Penn-
sylvania held that credit given by the bank in
the plaintiff's books, precluded the bank from
saying that the check, the amount of which
was credited, was a forged one, and that there-
fore the credit ought to be stricken out. When
banks or merchants receive a draft or proper-
ty on account of a customer, the amount is
never carried out to the outer column, but in-
serted in an inner one. I consider credit given
in the ledger as express evidence of a payment
as a receipt in full. On an account current,
nothing but the balance is due, and the
maker is bound by every item with which he
has credited his customer, unless errors be
proved.

This case differs from that of *Gordon & al.*
vs. *Macarty.* There a receipt was given for
a note; here *credit* is given for the amount.
The receipt was evidence of a liability to ac-
count: the *credit* of a payment.

Western Dis.
*October* 1828.

Cox
*vs.*
WILLIAMS.

PORTER, J. I agree in the conclusion to which the majority of the court have arrived. The agent swears positively that the notes of the defendant were received from Mrs. Gardner, in full discharge of the claims held by him, against her, and her husband's estate. The receipt on account now produced, which it appears was the only written instrument that passed between them, does not by any means contradict this statement. It on the contrary supports it.

But I cannot assent to the proposition contained in the opinion just delivered by the presiding judge of the court, "that proof which shews that credit has been given, on an account with the original debtor in consideration of a delegation made by him to his creditors, is evidence that the latter accepted the debt thus delegated *in payment.*" Our code requires that the discharge should be *express.* It is true, it is immaterial in what words that discharge is given, so that it is clearly *expressed.* But in my mind the mere act of giving credit on account, for the debt of another, remitted by the debtor, does not necessarily create an extinction of the original obligation, if the creditor retains that first given to him,

and does not give up the one, when he re-Western Dis
Octcber1828.

Cox
vs.
Williams.
ceives the other.    A strong presumption is, it
is true, created of the fact, but that is not suffi-
cient.    *If the act of the creditor can be ex-
plained in any other way but that of dis-
charging the debtor,* the provisions of our
code prohibit such a construction being put
on his act.    Merchants, I believe, are in the
habit of entering credits on their books of all
notes or bills remitted to them, and their
usual course is to charge those bills and
notes again to the correspondent if at ma-
turity they should be unpaid.    In the case
of *Gordon, Grant & Co.* vs. *M'Carty,*
we held, that when the creditor gave a re-
ceipt in which he acknowledged he had re-
ceived another note on account, that such ac-
knowledgment did not produce novation.
That was as strong a case as this; as that
which he received on account, it is presumed
he credited on his books.

It is, therefore, ordered, adjudged, and de-
creed, that the judgment of the district court
be avoided, reversed and annulled; and it is
further ordered, adjudged and decreed, that
the plaintiff and appellant do recover from the

defendant and appellee the sum of nineteen hundred and fifty dollars, (1950,) with interest thereon at the rate of ten per cent per annum, from the first day of April 1821, until paid, with costs in both courts.

*Boyce* for plaintiff—*Thomas, Scott and Winn* for the defendant.